UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-62799-BLOOM

ANTOINE FAUST,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.
_____/

## ORDER ON MOTION FOR CERTIFICATE OF APPEALABILITY AND REQUEST TO PROCEED IN FORMA PAUPERIS

**THIS CAUSE** is before the Court upon *pro se* Petitioner Antoine Faust's ("Petitioner") Motion for Certificate of Appealability and Motion for Leave to Proceed *in forma pauperis*, ECF No. [12] ("Motion"). The Court has carefully reviewed the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

On December 12, 2018, following a *de novo* review and consideration of Petitioner's timely objections, the Court entered an order adopting the Magistrate Judge's Report and Recommendations, ECF No. [5], finding that Petitioner's petition was untimely and that no certificate of appealability should issue. ECF No. [7] ("Order Adopting R&R"). Subsequently, and more than a year later, Petitioner filed an additional objection, which the Court construed as a motion for reconsideration, arguing that the Court's failure to consider that he had ninety days to file a petition for writ of certiorari to the U.S. Supreme Court in its determination that the Petition was untimely was a violation of due process, a miscarriage of justice, clear error, and the Order Adopting R&R failed to give him notice of his right to appeal. *See* ECF No. [10] ("Objection").

In the Motion, Petitioner argues that he is entitled to a certificate of appealability to address the plain errors committed by the Court in its Order Adopting R&R and Order Overruling Objection, which have resulted in a denial of Petitioner's procedural due process rights. In essence, Petitioner is again requesting reconsideration of the Court's rulings.

However, Petitioner's Motion is improper. As the Court previously noted, a motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x. 699, 700 (11th Cir. 2008) (citation omitted). Other than Petitioner's disagreement with the Court's conclusions in the Order Adopting R&R and Order Overruling Objection, he fails to make a showing upon any of the grounds justifying reconsideration. *See Z.K. Marine Inc*, 808 F. Supp. at 1563 ("It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already though through—rightly or wrongly.") (citation and alterations omitted); *see also Roggio v. United States*, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013) ("[W]hen there is mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.") (internal citation and quotations omitted).

In addition, the Court previously determined that no certificate of appealability should issue in this case. *See* ECF No. [7]. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner's disagreement with the Court's reasoning and ultimate conclusions does not satisfy this standard.

Finally, Petitioner requests that the Court issue an order granting him permission to proceed *in forma pauperis*, which the Court assumes he means for purposes of an appeal. Petitioner's request is denied for two reasons: (1) he has not satisfied the requirements of Rule 24(a)(1)(C) of the Federal Rules of Appellate Procedure, and (2) an appeal would not be taken in good faith in any event.

First, Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party filing a motion in the district court seeking to appeal *in forma pauperis* (IFP) must attach an affidavit to the motion that, among other things, "states the issues that the party intends to present on appeal." In addition, the affidavit must "claim an entitlement to redress." Fed. R. App. P. 24(a)(1)(B). Petitioner has filed no affidavit, does not include a claim with entitlement to redress, nor does he state the issues he intends to present on appeal, other than his disagreement with this Court's orders.

Second, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard." *Ghee v. Retailers Nat'l Bank*, 271 F. App'x 858, 859 (11th Cir. 2008). A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, the Court has determined that no certificate of appealability should issue. Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases in the United States District Courts, "[i]f the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Thus, Petitioner may not appeal without a certificate of appealability. *See* Rules Governing § 2254 Cases in United States District Courts, 11(a) advisory committee's note ("an applicant may not appeal to the court of

Case No. 18-cv-62799-BLOOM

appeals from a final order in a proceeding under § 2254 unless a judge issues a certificate of appealability (COA), identifying the specific issues for which the applicant has made a substantial showing of a denial of constitutional right."). As such, the Court finds that an appeal is not taken in good faith.

For the foregoing reasons, the Motion, **ECF No. [12]**, is **DENIED** and Petitioner's request to proceed *in forma pauperis* on appeal is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 18, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Antoine Faust, *pro se*
B08726
Desoto Annex
Inmate Mail/Parcels
13617 SE Highway 70
Arcadia, FL 34266